IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joel Turner, Jr., ) | Civil Action No.: 4:11-cv-03177-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| McKiether Bodison, Warden - Lieber ) | |
| Corr. Inst.; Fred B. Thompson, ) | |
| Associate Warden - Lieber Corr. Inst.; ) | |
| Dr. Babb, Doctor - Lieber Corr. Inst.; ) | |
| Starr Connelly, HCA - Lieber Corr. ) | |
| Inst.; Nurse Felder-Gatson, Lieber Corr. ) | |
| Inst., in his/her individual and official ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] The above-captioned Defendants jointly filed a motion for summary judgment. In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, a state prisoner proceeding *pro se*, filed this action on November 16, 2011. He alleges constitutional claims of deliberate indifference under 42 U.S.C. § 1983 arising from the alleged failure of Defendants, officials with the South Carolina Department of Corrections ("SCDC"), to provide Plaintiff with proper medical treatment and keep him safe from risk of harm. The Magistrate Judge, in his R&R, provides an adequate summary of the facts; however, the following background facts are not in genuine dispute.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

1

On June 5, 2009, Plaintiff was in his cell at Lieber Correctional Institution[2] and was injured when "the third steel bed frame" collapsed on him. Plaintiff was sent to a nurse at the prison, who cleaned and dressed his injury and sent him back to his cell. A series of medical visits and off-and-on physical therapy followed for Plaintiff, and medical professionals ultimately recommended that Plaintiff have arthroscopic surgery on his shoulder. After several denials by the SCDC's medical director, who is not a Defendant, Plaintiff received surgery on November 12, 2010. Subsequently, Plaintiff was instructed to continue physical therapy (range of motion therapy); however, band therapy was discontinued for periods of time between the surgery and the filing of Plaintiff's complaint in this action. Aff. of Robert E. Babb, ECF No. 38-2.

Defendants jointly filed a motion for summary judgment on June 11, 2012, arguing Plaintiff's claims are meritless. After reviving notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff responded to their motion on July 10, 2012. The Magistrate Judge issued his R&R on October 31, 2012, recommending that summary judgment be granted in favor of Defendants. R&R, ECF No. 51. Plaintiff filed timely objections on November 26, 2012. Pl.'s Objs., ECF No. 54.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

---

[2] Plaintiff was subsequently transferred from Lieber to another facility. Aff. of Robert E. Babb 11, ECF No. 38-2.

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting Defendants' motion for summary judgment. Specifically, he concludes that Plaintiff has shown no evidence of deliberate indifference to his overall medical needs or of deliberate indifference to any risk of harm. R&R 13, 15. Moreover, the Magistrate Judge concludes that Plaintiff's request for injunctive relief is moot, that Defendants are entitled to qualified immunity from individual liability, and that the Eleventh Amendment precludes Plaintiff from seeking monetary damages from Defendants in their official capacities. *Id.* at 17, 19- 20. Plaintiff's objections largely parrot the allegations of his complaint and the arguments (mostly verbatim) of his response to Defendants' motion for summary judgment. As such, Plaintiff fails to point this Court to any *specific* error committed by the Magistrate Judge, as Plaintiff is required to do. Accordingly, the Court, finding no clear error, accepts the recommendations of the Magistrate Judge. However, out of an abundance of caution, the Court will review the recommendations of the Magistrate Judge.

First, the Court finds the Magistrate Judge's recommendation concerning Plaintiff's request for injunctive relief—that Defendant Bodison "remove all of the third steel bed frames inside of the cells"—is proper. Plaintiff is no longer imprisoned at Lieber Correctional Institution, where Plaintiff's alleged injury occurred. Because Plaintiff was transferred to another facility, he is no longer subjected to the condition of which he complains. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1049 n.1 (4th Cir. 1986); *Ross v. Reed*, 719 F.2d 689, 693 (4th Cir. 1983); *see also Los Angeles v. Lyons*, 461 U.S. 95 (1983) (finding no case or controversy existed to seek an injunction where the plaintiff failed to sufficiently allege he would be injured again). Plaintiff, moreover, does not adequately address this finding of mootness in his objections, complaining only that he can seek an injunction against the state. Finding no error, the Court overrules Plaintiff's general objection.

Second, the Court finds the Magistrate Judge correctly concludes that the Eleventh Amendment immunizes Defendants (and effectively the State of South Carolina) from monetary damages in their official capacities. Indeed, Plaintiff does not object to the conclusion that Defendants are all employees of the SCDC, a South Carolina state agency. Because the State of South Carolina has not waived its sovereign immunity with respect to monetary damages for constitutional violations, Plaintiff is barred from seeking damages from Defendants acting in their official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's relevant objections are overruled.

Finally, the Magistrate Judge did not err in concluding that Defendants did not violate Plaintiff's Eighth Amendment rights.[3] *See* R&R 19. Plaintiff does not object to the Magistrate

---

[3] The Magistrate Judge, moreover, correctly concludes that Defendants would regardless be entitled to qualified immunity as there is no violation of "clearly established . . . constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

4

Judge's conclusion that Plaintiff is making two deliberate indifference claims: one regarding the treatment of Plaintiff's medical condition and the other regarding the risk of harm Plaintiff faced being placed in a cell with the "mis-installed" bed. Moreover, Plaintiff does not object to the Magistrate Judge's recommendation, assuming the § 1983 claims are properly dismissed, to decline jurisdiction over Plaintiff's claims to the extent they raise issues of South Carolina tort law. *See* 28 U.S.C. § 1367(c). Therefore, addressing Plaintiff's objections regarding the Magistrate Judge's conclusions concerning Plaintiff's § 1983 claims, the Court finds that Plaintiff's claims, at summary judgment, lack merit.

Importantly, there is no factual dispute regarding the specific treatment Plaintiff received. Plaintiff relies on the affidavit of Defendant Dr. Robert E. Babb (submitted with Defendants' brief) and Plaintiff's voluminous SCDC medical records to argue that he was denied surgery and physical therapy on multiple occasions. These decisions, however, were made by medical staff; there is no evidence anyone but medical professionals made decisions regarding Plaintiff's medical treatment or that a non-medical prison official named as a defendant interfered with Plaintiff's treatment.[4] Thus, as the Magistrate Judge notes in his R&R, the issue is not whether Plaintiff was denied medical care but rather that Plaintiff disagreed with the care he was provided by medical professionals. R&R 12. And, "the question whether . . . forms of treatment is indicated . . . is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). "[M]ere negligence or malpractice does not violate the Eighth Amendment." *Miltier v. Beorn*, 896

---

[4] The only evidence in the record explaining the discontinuation of Plaintiff's band therapy indicated that the discontinuation was either due to the absence of a doctor's order or Plaintiff's own conduct that required him to be placed in lock-up. Aff. of Robert E. Babb, ECF No. 38-2. Dr. Babb explained that Plaintiff never "experienced any serious or life threatening medical problems regarding his shoulder, and he had not had any emergent or urgent medical problems caused by the shoulder that required immediate or emergency care." *Id.* at 13. Plaintiff does not genuinely dispute Dr. Babb's version of his injury and treatment and even refers to the affidavit for support in his response.

F.2d 848, 851 (4th Cir. 1990). Here, the only reasonable inferences favoring Plaintiff support allegations of malpractice—not cruel and unusual punishment. Thus, the Magistrate Judge's recommendation was proper, and Plaintiff's objections must be overruled.

Furthermore, as to Plaintiff's cause of action regarding the broken bed, Plaintiff submits no evidence that Defendants were actually aware that his bed was defective or "mis-installed." To prevail on such a claim involving a failure to prevent harm, a plaintiff must prove that the "substantial risk of serious harm" was "objectively, 'sufficiently serious' " and that a prison official had a reckless state of mind in creating that risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 840 (1994). As the Magistrate Judge adequately explains in his R&R, Plaintiff fails to point to any evidence or reasonable inference to create a genuine dispute of fact that Defendants had a reckless state of mind in placing him in a prison cell with a defective bed. The Court, therefore, finds no error in the Magistrate Judge's conclusion and recommendation to grant Defendants' motion for summary judgment.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the motion for summary judgment, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment be **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's complaint be **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
March 25, 2013